JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., et al., | CASE NO. CV 16-3488-R |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| NATHAN FINEMAN, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Summary Judgment (Dkt. No. 19), which was filed on December 22, 2016. Having been briefed by Plaintiffs, and Defendant's time to respond having elapsed, this Court took the matter under submission on January 26, 2017.

Plaintiffs have filed a Complaint, (Dkt. No. 1), Motion to Compel, (Dkt. No. 16), Motion for Summary Judgment, (Dkt. No. 19), and Motion to Strike Defendant's Answer, (Dkt. No. 22). To date, Defendant has filed an Answer, (Dkt. No. 8), Motion to Be Allowed Time to Present Truth and Be Heard, (Dkt. No. 34), and untimely discovery responses (Dkt. Nos. 35, 36) pursuant to this Court's Order compelling such.

The facts of this matter revolve around Defendant's unauthorized use of Plaintiffs' satellite television signals. Plaintiff DISH Network provides encrypted satellite television programming to paying customers. Plaintiff EchoStar's receiver processes the encrypted satellite signals, transmits the signal to a smart card produced by Plaintiff NagraStar which unlocks the encrypted signal, which is then transmitted back to the EchoStar receiver to decrypt the DISH signal. The result is a

television program on DISH Network customers' televisions. This process of receiving and decrypting satellite television signals is frequently pirated allowing non-paying users to watch satellite television at a substantial cost to Defendants.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. To meet its burden of production, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587.

The Electronic Communications Privacy Act ("ECPA") makes it illegal to "intentionally intercept" an "electronic communication." 18 U.S.C. § 2511(a). The Ninth Circuit, along with many other courts, has held that satellite television transmissions fall within the meaning of electronic communications under the ECPA. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 843 (9th Cir. 2008). "Direct evidence of signal piracy is not required to prove unlawful interception." *Id.* at 844-45. A majority of courts have also determined that Section 2511 creates a private right of action. *DirecTV, Inc. v. Pahnke*, 405 F.Supp.2d 1182, 1188 (E.D. Cal. 2005).

In their Motion for Summary Judgment, Plaintiffs provide evidence that Defendant engaged in piracy in violation of the ECPA. Internet key sharing ("IKS") is a method of pirating satellite television signals by which unauthorized users extract and share NagraStar keys to unlock

encrypted satellite signals. Individuals then obtain unauthorized satellite television receivers which retrieve the unlocked signals from an IKS. NFusion Private Server is an IKS service with no legitimate purpose. Plaintiffs produced evidence that Defendant purchased a subscription to NFusion Private Server. Plaintiffs produced records maintained by an employee at NFusion showing a payment of $25 on June 3, 2012 from a Nathan Fineman at Defendant's address in exchange for an IKS access code. The payment corresponds to a withdrawal of a matching amount, date, and payment processor shown in Defendant's banking records.

In addition to the evidence showing that Defendant paid for an IKS access code, Plaintiffs produced evidence of Defendant discussing his use of an unauthorized receiver and NFusion Private Server. Plaintiffs produced multiple posts by the username "nfineman" on multiple internet forums discussing pirated satellite television. The username "nfineman" was created at the same IP address used to access Defendant's Paypal account and with the same email address used by Defendant in these proceedings (Dkt. No. 8), natemyman@hotmail.com. In a forum discussing issues with the NFusion Private Server, "nfineman" stated that his access was "up on most channels," "was working 30 minutes ago," and "was working with freezing."

To the extent Defendant's Motion to Be Allowed Time to Present Truth and Be Heard was responsive to the evidence produced by Plaintiffs, it does not create a genuine issue of material fact. Defendant states in his Motion that he did "not knowingly [do] anything illegal," that he is "wrongfully accused," and that the evidence provided by Plaintiffs is "fabricated and fraudulent" and does not prove Plaintiffs' claims. Defendant is a pro se litigant and as such his filings must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even construing Defendant's filings broadly, he does not provide competent evidence to create a genuine dispute of material fact.

The evidence produced by Plaintiffs show that Defendant received unauthorized satellite television transmissions which were unlocked and decrypted through his unauthorized equipment. Defendant purchased a subscription to an IKS service which serves no purpose other than to decrypt Plaintiffs' satellite television signals. He then posted in multiple internet forums that he was receiving satellite television and his NFusion Private Server was functioning. Given the lack

of a legitimate use of NFusion Private Server there is no dispute that Defendant intended to intercept DISH Network's satellite television signals. Accordingly, Plaintiffs satisfied their initial burden to produce evidence showing that Defendant intentionally intercepted their electronic communications. Defendant has failed to produce any evidence which would satisfy its burden to produce competent evidence in response. On this record, no rational trier of fact could find for Defendant. Thus, Plaintiffs' Motion for Summary Judgment is granted.

For encrypted satellite communications, the ECPA authorizes statutory damages at "the greater of: (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520 (c)(2). Courts have discretion to award damages under § 2520 or to not award damages at all. *DISH Network, L.L.C. v. Gonzalez*, 2013 WL 2991040, at *6 (E.D. Cal. June 14, 2013) (Compiling cases holding that entry of damages is discretionary, but may not be less than $10,000 or $100 per day in violation).

Plaintiffs request statutory damages in an amount of $10,000 given the severity of Defendant's conduct, the damage to Plaintiffs' business and goodwill, and the lack of a reasonable excuse for Defendant's conduct. Piracy of Plaintiffs' satellite television broadcasts comes at a significant cost to Plaintiffs' business. The ability of users to receive Plaintiff DISH Network's product without compensating DISH has obvious ramifications for Plaintiffs' business. Furthermore, to protect their products Plaintiffs are required to invest substantial capital into security measures and enforcement procedures. Lastly, absent penalties, the proliferation of illegally pirated satellite television signals will continue undeterred. Without damages, Defendant and other unauthorized users would be able to commit acts of piracy without consequence. On these grounds, an award of statutory damages is justified. Accordingly, the Court finds appropriate an award of statutory damages under Section 2520 (b)(2) in the amount of $10,000.

Plaintiffs contend that permanent injunctive relief should be awarded under 18 U.S.C. § 2520(b)(1). Plaintiffs request that this Court enjoin Defendant from "circumventing or assisting others to circumvent Plaintiffs' security system, or otherwise intercepting or assisting others to intercept Plaintiffs' satellite signal." For an injunction to issue, the moving party must establish

"(1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiffs have demonstrated that they satisfy each of the elements necessary for a permanent injunction to issue. First, Plaintiffs are irreparably injured by illegal piracy in the form of lost profits as well as damage to goodwill. It is impossible to measure the lost profit from illegal pirating of Plaintiffs' satellite television broadcasts because Plaintiffs have no way of knowing which content unauthorized users actually accessed. Additionally, illegal piracy harms Plaintiffs' goodwill by interfering with contractual and prospective business relationships. Second, money damages alone are inadequate because they do not prevent future piracy by Defendant. Third, the balance of the hardships favors Plaintiffs as they will suffer irreparable harm should Defendant illegally pirate their broadcasts while Defendant's only hardship will be an injunction from participating in illegal conduct. Finally, the public interest will be served by a permanent injunction because it will ensure compliance with federal law. Accordingly, this Court finds that Plaintiffs have sufficiently established the requirements for a permanent injunction.

The ECPA authorizes an award of "a reasonable attorney's fee and other litigation costs reasonable incurred." 18 U.S.C. § 2520 (b)(3). As such, Plaintiffs are entitled to reasonable attorney's fees to be proven upon proper motion.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment is GRANTED. (Dkt. No. 19).

///
///
///
///
///
///

**IT IS HEREBY FURTHER ORDERED** that Defendant, and any person acting in active concert or participation with Defendant that receives actual notice of this judgment, is hereby permanently enjoined from circumventing or assisting others to circumvent Plaintiffs' security system, or otherwise intercepting or assisting others to intercept Plaintiffs' satellite signal.

Dated: March 22, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE